D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KALVIN MARSHALL,

                Petitioner,

    -against-

JOE KEFFER and THE ATTORNEY GENERAL
OF THE STATE OF NEW YORK,

                Respondents.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

**MEMORANDUM & ORDER**

**08-CV-3424 (NGG)**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 12 2011 ★
BROOKLYN OFFICE

On August 15, 2008, Petitioner Kalvin Marshall ("Petitioner") filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2001 conviction in New York State Supreme Court, Kings County for attempted murder in the second degree, attempted robbery in the first degree, and second-degree criminal possession of a weapon. (Pet. (Docket Entry # 1).) Petitioner claims that he was tried in absentia in violation of the United States Constitution, and that his lawyer on direct appeal was unconstitutionally ineffective. For the reasons set forth below, the Petition is denied.

**I.    BACKGROUND**

Petitioner was scheduled to appear for a pretrial hearing on the afternoon of February 13, 2001. (Feb. 13 Hr'g Tr. (Resp't's Aff. Ex. A (Part 3)) at 2.)[1] Petitioner's counsel informed the court that when he had spoken to Petitioner earlier in the day, Petitioner appeared to have "cold feet" and had said "today isn't my day," but that when they ended their exchange, they confirmed that they would see each other in court later that afternoon. (Id. at 2-3.) However, Petitioner did not show up. (Id. at 2.) The court adjourned until the next day, whereupon it held

---

[1] Respondent's affirmation was submitted along with the state court record and was not filed on the Electronic Case Filing (ECF) system.

1

a hearing to determine whether Petitioner had voluntarily waived his right to be present for trial. (Feb. 14 Hr'g Tr. (Resp't's Aff. Ex. A (Part 4)).) A paralegal from the District Attorney's Office testified that he unsuccessfully attempted to locate Petitioner by contacting local hospitals, morgues, and correctional facilities. (Id. at 4-7.) The court found that, since Petitioner had "voluntarily absented himself" despite knowing trial was set to begin, he had waived his right to be present during his trial. (Id. at 14-15.) The court pushed back the trial date by six days, to February 20, 2001, in order to give Petitioner time to "come in here." (Id. at 15.) However, Petitioner never appeared.

The jury convicted Petitioner on all counts. (Trial Tr. (Resp't's Aff. Ex. A (Part 10)) at 515.) On March 8, 2001, the court sentenced Petitioner to consecutive terms of twenty years to life for attempted murder and fifteen years for second-degree possession of a weapon, to be served concurrently with a ten-year term for attempted robbery. (Sentencing Hr'g (Resp't's Aff. Ex. A (Part 11)).)

Petitioner appealed his conviction to the Appellate Division, Second Department. On appeal, Petitioner argued that he was entitled to a new trial because the trial court had committed reversible error by trying him in absentia. (Br. for Appellant (Resp't's Aff. Ex. B) at 13.) Petitioner relied primarily on People v. Parker, 57 N.Y.2d 136 (1982), in which the New York Court of Appeals held that,

> [i]n order to effect a voluntary, knowing and intelligent waiver, the defendant must, at a minimum, be informed in some manner of the nature of the right to be present at trial and the consequences of failing to appear for trial. This, of course, in turn requires that defendant simply be aware that trial will proceed even though he or she fails to appear.

Id. at 141 (internal citations omitted). Petitioner argued that he had not received proper "Parker warnings"—i.e., that he had not been warned that the trial would proceed without him if he did

2

not appear. (Br. for Appellant at 13-15.) Petitioner also argued that his trial in absentia violated the Fourteenth Amendment to the United States Constitution. (Id. at 14.)

The Appellate Division affirmed Petitioner's conviction, finding that his "contention that he could not have waived his right to be present at the pretrial hearing and trial because he did not receive Parker warnings [was] without merit." People v. Marshall, 825 N.Y.S.2d 773, 774 (App. Div. 2d Dep't 2006) (citation omitted). Petitioner sought leave to appeal to the New York Court of Appeals, which denied his request on April 2, 2007. People v. Marshall, 8 N.Y.3d 947.

Petitioner also sought from the Appellate Division a writ of coram nobis, arguing that appellate counsel was ineffective because she did not explicitly frame her argument around the failure to give Parker warnings. On October 16, 2007, the court denied the coram nobis petition. People v. Marshall, 842 N.Y.S.2d 919 (App. Div. 2d Dep't). After the Court of Appeals denied Petitioner leave to appeal the denial of the coram nobis writ, People v. Marshall, 10 N.Y.3d 768 (2008), Petitioner filed a motion for reconsideration, which the court denied on May 6, 2008, People v. Marshall, 10 N.Y.3d 866. Petitioner filed the instant Petition on August 15, 2008.

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Determination of factual issues made by a state court "shall be presumed to be correct," and the applicant "shall have the burden

3

of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan v. Kuhlman, 261 F.3d 303, 313 (2d Cir. 2001). A decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A decision is "an unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id. at 413. For relief to be warranted, the "state court's application of governing federal law . . . must be shown to be not only erroneous, but objectively unreasonable." Waddington v. Sarausad, 555 U.S. 179, 190 (2009) (internal quotation marks omitted).

A pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). "If a pro se litigant pleads facts that would entitle him to relief, that petition should not be dismissed because the litigant did not correctly identify the statute or rule of law that provides the relief he seeks." Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008).

## III. DISCUSSION

### A. Trial in Absentia

A federal court cannot grant habeas relief on a claim that does not assert a violation of "clearly established *Federal* law," 28 U.S.C. § 2254(d)(1) (emphasis added), i.e., a clear holding

4

of the U.S. Supreme Court, Carey v. Musladin, 549 U.S. 70, 74 (2006). Under New York law, a court cannot imply merely from a defendant's voluntary absence that he has knowingly and intelligently waived his right to be present during trial. See Parker, 57 N.Y.2d at 141. However, the Supreme Court, in Taylor v. United States, 414 U.S. 17 (1973), found that such voluntary absence *does* constitute waiver:

> Petitioner . . . insists that his mere voluntary absence from his trial cannot be construed as an effective waiver, that is, an intentional relinquishment or abandonment of a known right or privilege, unless it is demonstrated that he knew or had been expressly warned by the trial court not only that he had a right to be present but also that the trial would continue in his absence and thereby effectively foreclose his right to testify and to confront personally the witnesses against him. . . . [W]e cannot accept this position. . . . The right at issue is the right to be present, and the question becomes whether that right was effectively waived by [Petitioner's] voluntary absence. Consistent with Rule 43 [of the Federal Rules of Criminal Procedure] . . . we conclude that it was.

Id. at 19-20 (internal citation and quotation marks omitted). Rule 43 prohibits a trial court from beginning trial in the defendant's absence, and only permits waiver of the right to be present during trial if the defendant voluntarily absents himself after trial has begun or persists in behaving disruptively in the courtroom. Fed. R. Crim. P. 43(a), (c); see also Crosby v. United States, 506 U.S. 255, 258-59 (1993). Since the defendant in Taylor was present at the commencement of trial, and only absented himself thereafter, 414 U.S. at 17, the Court's holding therein did not speak directly to the circumstances at issue here, where Petitioner was not present at the *start* of the trial. In Crosby, where, as here, the petitioner was absent from the beginning of trial, the Court found that Rule 43 was violated. Id. at 258-62. However, the Court specifically declined to reach the issue of whether the petitioner's trial in absentia violated not just Rule 43 (which, of course, did not apply to Petitioner's *state* trial in this case), but also the Constitution. Id. at 262. The Supreme Court still has not ruled on that issue. Therefore, the

5

Appellate Division's upholding of the trial court's decision to proceed to trial in Petitioner's absence violated no clearly established federal law.

### B. Ineffective Assistance of Appellate Counsel

Petitioner contends that he was denied effective assistance of appellate counsel because his lawyer "should have proposed reversible error based on the legal basis that [Petitioner] never received his Parker Warnings as a matter of law." (Pet'r's Aff. (Docket Entry # 1-4) at 28.) However, his counsel *did* argue that "[Petitioner] never received Parker warnings . . . [t]herefore, he never expressly waived his right to be present at his trial." (Br. for Appellant at 13); id. at 15 ("[Petitioner] could not and did not expressly waive his right to be present because . . . he never received his Parker warnings."). Petitioner questions appellate counsel's decision to *also* argue that the record was "ambiguous" as to whether Petitioner knew that trial was scheduled on the day he voluntarily absented himself. (Pet'r's Aff. at 30.) However, since appellate counsel in fact addressed the claim Petitioner now contends she erroneously omitted—the absence of Parker warnings—his ineffective assistance claim must fail. Accordingly, the Appellate Division's rejection of this claim did not violate clearly established federal law.

### IV. CONCLUSION

The Petition for a writ of habeas corpus is DENIED. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

                                                         s/Nicholas G. Garaufis
Dated: Brooklyn, New York                                NICHOLAS G. GARAUFIS
October  7, 2011                                         United States District Judge