UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

KALVIN MARSHALL,

                     Petitioner,

     -against-

JOE KEFFER and THE ATTORNEY GENERAL
OF THE STATE OF NEW YORK,

                     Respondents.

-------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 1 5 2011 ★

BROOKLYN OFFICE

**ORDER**

08-CV-3424 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

       Petitioner Kalvin Marshall moves for a certificate of appealability so that he may appeal the court's October 12, 2011 order denying his petition for writ of habeas corpus ("Petition"). (Docket Entry # 33.) Because all reasonable jurists would agree that Marshall cannot obtain relief under 28 U.S.C. § 2254, the certificate of appealability is DENIED.

       When a district court enters a final order against a habeas petitioner like Marshall, it must issue or deny a certificate of appealability. Fed. R. Governing § 2254 Cases 11(a). The court will only issue the certificate if the petitioner can "show that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (quotation marks omitted). Put another way, although a petitioner may make "a substantial showing of the denial of a constitutional right" for the purposes of 28 U.S.C. § 2253(c)(2), the certificate should still not issue if relief is clearly barred by § 2254's stringent standard of review.

See Miller-El, 537 U.S. at 350 (Scalia, J. concurring).  The reason for this rule is that § 2254 dictates the court of appeals' standard of review on appeal just as it did the district court's review in the first instance.  See id. (focus on the debatability of relief under § 2254 rather than on the debatability of the underlying alleged constitutional violation is "in accord with the COA's [certificate of appeal] purpose of preventing meritless habeas appeals").

Assuming without deciding that Marshall has made a substantial showing that his constitutional rights were violated, the court must nevertheless deny him a certificate of appealability.  It is not debatable that the Petition was correctly denied under § 2254.  As the court noted in its order denying the Petition, (Docket Entry # 28), the New York Appellate Division's decision that commencement of a criminal trial in the defendant's absence is constitutionally permissible does not run contrary to clearly established federal law because the Supreme Court has never considered the issue.

The certificate of appealability is DENIED.  Marshall may not appeal the denial but may seek a certificate of appeal from the court of appeals pursuant to Federal Rule of Appellate Procedure 22.  Fed. R. Governing § 2254 Cases 11(a).

SO ORDERED.

Dated: Brooklyn, New York
      December /4 , 2011

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge