UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KALVIN MARSHALL,

                         Petitioner,

       -against-

JOE KEFFER and THE ATTORNEY GENERAL
OF THE STATE OF NEW YORK,

                         Respondents.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**08-CV-3424 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On April 14, 2014, pro se Petitioner Kalvin Marshall filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(1), seeking reconsideration of the court's November 4, 2013, Memorandum and Order. The November 4, 2013, Memorandum and Order had itself denied Petitioner's previous Rule 60 motion requesting reconsideration of a prior dismissal of Marshall's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Motion is DENIED.

## I.    BACKGROUND

The factual and procedural history of this case is set forth in greater detail in the court's November 4, 2013, Memorandum and Order. (See Nov. 4, 2013, Mem. & Order (Dkt. 40) at 1-3.) In brief, the relevant background for purposes of this Memorandum and Order is as follows.

On August 15, 2008, Petitioner Kalvin Marshall filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his state court convictions for second degree attempted murder, first degree attempted robbery, and second degree criminal possession of a weapon. (See Pet. (Dkt. 1).) On October 7, 2011, the court held that Petitioner was not entitled to a writ of habeas corpus because the state court had not violated clearly established federal law,

1

and appellate counsel had, in fact, raised the argument Petitioner claimed she omitted. (See Oct. 7, 2011, Mem. & Order (Dkt. 28).) On November 1, 2011, Petitioner moved for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (Mot. to Alter or Amend the J. (Dkt. 30).) Petitioner's Rule 59(e) motion was denied on November 8, 2011. (Nov. 8, 2011, Mem. & Order (Dkt. 31).) Petitioner filed a notice of appeal of the court's decisions of October 7, 2011, and November 8, 2011, denying his Petition and Rule 59(e) motion. (Not. of Appeal (Dkt. 32).) The court denied his motion for a certificate of appealability. (Dec. 15, 2011, Order (Dkt. 34).) The Second Circuit also denied Petitoner's motion for appealability, and his subsequent request for panel rehearsal or rehearing en banc. (Oct. 4, 2012, Mandate (Dkt. 37); Second Circuit Order Denying Rehearing (Dkt. 38-1 at 12).) Petitioner also sought certiorari from the Supreme Court. The Court denied both certiorari and a petition for rehearing. (Feb. 19, 2013, Ltr. (Dkt. 38-1 at 14); Apr. 15, 2013, Ltr. (Dkt. 38-1 at 15).)

On June 3, 2013, Petitioner again asked the court to vacate and reconsider its judgment denying his Petition, pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(d)(1), styled as a motion to reopen the case. (See Mot. to Reopen Case (Dkt. 38).) The court denied Petitioner's Rule 60 motion by Memorandum and Order dated November 4, 2013. (See Nov. 4, 2013, Mem. & Order.) The court concluded that Petitioner's motion presented a merits, not procedural, claim, and was therefore barred by the restrictions placed by the Antiterrorism and Effective Death Penalty Act of 1996 on successive § 2254 habeas petitions, absent authorization from the court of appeals. (See id. at 4-7.)

Petitioner has now moved pursuant to Federal Rule of Civil Procedure 60(b)(1) for reconsideration of the court's November 4, 2013, Memorandum and Order. (See Mot. for Recons. (Dkt. 46).) Petitioner asserts that the court committed a "judicial mistake[]" when it

liberally construed Petitioner's prior Rule 60 motion to also include a challenge to the court's judgment based on Federal Rule of Civil Procedure 60(b)(6). Petitioner further argues that the court "overlooked [his] argument[s] and the evidence in the record." (Mot. for Recons. at 1.)

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 60(b)(1) allows relief from a judgment or order based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60 motions for relief are "generally not favored," and are "properly granted only upon a showing of exceptional circumstances." Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)) (internal quotation marks omitted). The burden of proof is on the party seeking relief. Id.

### B. Liberal Construction of Prior Rule 60 Motion

Petitioner's prior Rule 60 motion invoked Federal Rules of Civil Procedure 60(b)(1) and 60(d)(1) as grounds for relief. (See Mot. to Reopen Case at 1, 3.) Finding Petitioner's Rule 60(b)(1) challenge barred by the one-year statute of limitations, the court liberally construed the motion as also challenging the court's judgment under Rule 60(b)(6)'s general provision, which is not subject to the same limitations period. (See Nov. 4, 2013, Mem. & Order at 3-4.) The court also considered Rule 60(d)(1), which was explicitly invoked by Petitioner, as a possible grounds for relief. (See id. at 7.)

In the instant Motion, Petitioner argues that the court committed a "judicial mistake[]" when it construed his earlier Rule 60 motion to include a challenge on the basis of subsection 60(b)(6), where Petitioner had invoked only subsections 60(b)(1) and 60(d)(1). (Mot. for

Recons. at 1, 3-5.) Petitioner claims that this was not in fact "liberal construction" but rather an impermissible "recharacterization" of his motion. (Id. at 3-5.) Petitioner's argument lacks merit.

Although the filings of pro se litigants are liberally construed, see Bisson v. Martin Luther King Jr. Health Clinic, No. 07-CV-5416, 2008 WL 4951045, at *1 (2d Cir. Nov. 20, 2008) (summary order), there is at least one well-known restriction on the liberal construction of a pro se litigant's motion for post-conviction relief. A district court must not sua sponte convert a post-conviction motion that is putatively brought under a different provision of law into a § 2241, 2254, or 2255 petition for habeas corpus relief, without first giving the petitioner notice of the court's intention to do so, as well as an opportunity to decline the conversion or to withdraw the motion. Simon v. United States, 359 F.3d 139, 142, 144 (2d Cir. 2004). The reason for this limitation is that by characterizing as a habeas petition a filing that was not so intended, it may become significantly more difficult for that litigant to successfully file another, successive habeas petition. See id. at 142.

Here, the court did not construe a different type of post-conviction filing as a first habeas petition, and the liberal construction of the prior Rule 60 motion did not prejudice Petitioner. Petitioner incorrectly contends that the court "deliberately over[ode] Petitioner's choice of procedural vehicle—Rule 60(d)(1)'s independent action." (Mot. for Recons. at 4.) To the contrary, the court specifically considered subsections 60(b)(1) and 60(d)(1) as possible bases for relief, in addition to subsection 60(b)(6). The additional Rule 60(b)(6) analysis only could have helped, not harmed, Petitioner. Therefore, this court's liberal construction of Petitioner's prior motion does not amount to an impermissible recharacterization.

### C. Consideration of Rule 60(d)(1) Grounds in Prior Motion

Petitioner also argues that the court "overlooked" his Rule 60(d)(1) argument in his prior motion. (Id. at 1, 5-6.) If Petitioner means to assert that the court did not consider Rule 60(d)(1) as a possible basis for relief, he is incorrect. As discussed above, the court specifically addressed Rule 60(d)(1) and determined that Petitioner did not qualify for the requested relief. (See Nov. 4, 2011, Mem. & Order at 7.)

To the extent that Petitioner simply disagrees with the court's decision not to grant relief under Rule 60(d)(1), this provides no grounds to grant the instant Motion. "A motion under Rule 60(b) 'cannot serve as an attempt to relitigate the merits' of a prior decision." Robinson v. IBM Corporate, No. 08-CV-2448 (NGG), 2008 WL 2705523, at *1 (E.D.N.Y. July 10, 2008) (quoting Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989)). The court held that Petitioner's motion raised a merits claim, and was thus properly denied as a successive habeas petition. (Nov. 4, 2013, Mem. & Order at 7.) The court also found that, having considered the Petition on the merits, no grave miscarriage of justice would result from the denial of his motion. (Id.) Petitioner presents no argument or case law challenging these conclusions (see Mot. for Recons. at 5-6); he provides nothing at all to support a claim that the court's ruling was somehow mistaken. See Fed. R. Civ. P. 60(b)(1). Petitioner has not come close to meeting his burden of showing the "exceptional circumstances" required for relief pursuant to Rule 60(b). Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)) (internal quotation marks omitted).

### III. CONCLUSION

For the reasons stated above, Petitioner's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(1) is DENIED. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith

and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                                                                  s/Nicholas G. Garaufis

Dated: Brooklyn, New York                                    NICHOLAS G. GARAUFIS
       November 14, 2014                                    United States District Judge