UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KALVIN MARSHALL,

                      Petitioner,

-against-

JOE KEFFER and THE ATTORNEY
GENERAL OF THE STATE OF NEW
YORK,

                      Respondents.
------------------------------------------------------------X

ORDER

08-CV-3424 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court are three substantially identical motions (collectively, the "Motions") to reconsider the court's November 4, 2013, decision denying Petitioner Kalvin Marshall's ("Marshall") motion to reconsider the court's denial of his petition for habeas corpus. (See Mots. to Reconsider (Dkts. 58-60).) For the reasons stated below, the Motions are DENIED.

I. **Background**

In 2008, Marshall filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court convictions for second-degree attempted murder, first-degree attempted robbery, and second-degree criminal possession of a weapon. (Aug. 15, 2008, Pet. (Dkt. 1).) Marshall argued that (1) his right to a fair trial had been violated because his trial went forward after he failed to appear and (2) his appellate counsel was ineffective. (Id.) The court held that Marshall was not entitled to a writ of habeas corpus, because the state court had not violated clearly established federal law, and because appellate counsel had not been constitutionally ineffective. (Oct. 7, 2011, Mem. & Order (Dkt. 28).)

1

On November 1, 2011, Marshall moved for reconsideration of the order denying his petition for habeas corpus under Federal Rule of Civil Procedure 59(e). (Mot. to Alter or Amend J. (Dkt. 30).) The court denied the motion. (Nov. 8, 2011, Mem. & Order (Dkt. 31).)

Marshall appealed. (Not. of Appeal (Dkt. 32).) The court denied Marshall's motion for a certificate of appealability. (Dec. 15, 2011, Order (Dkt. 34).) The Second Circuit also denied Marshall's request for a certificate of appealability. (Oct. 4, 2012, Mandate (Dkt. 37).) Marshall then filed a motion for panel rehearing or, in the alternative, for rehearing en banc, both of which were denied. (Sept. 26, 2012, Order (Mot. to Reopen Case (Dkt. 38), Ex. 1 (Dkt. 38-1)) at ECF p. 12.) Marshall sought a writ of certiorari, which was denied. (Feb. 19, 2013, Ltr. (Mot. to Reopen Case (Dkt. 38), Ex. 1 (Dkt. 38-1)) at ECF p. 13.) Marshall sought reconsideration of the denial of a writ of certiorari; that motion, too, was denied. (Apr. 15, 2013, Ltr. (Mot. to Reopen Case (Dkt. 38), Ex. 1 (Dkt. 38-1)) at ECF p. 13.)

Out of avenues for appellate review, Marshall returned to the district court on June 3, 2013, and asked the court to vacate and reconsider its judgment denying his petition pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(d)(1). (Mot. to Reopen Case (Dkt. 38).) On November 4, 2013, the court denied Marshall's Rule 60 motion. (Nov. 4, 2013, Mem. & Order (Dkt. 40).) The court first found that Marshall could not seek reconsideration under Rule 60(b)(1), because he did not seek review within one year. (Id. at 3-4.) Nonetheless, the court construed Marshall's motion as also seeking review under Rule 60(b)(6), under which review was not time barred. (Id. at 4.) Nonetheless, the court concluded that Marshall's Rule 60(b)(6) claim failed as well because it was an unauthorized successive habeas petition. (Id. at 6.) Finally, the court concluded that Marshall's Rule 60(d)(1) claim failed because it was also a successive petition and, in any event, Marshall could not show that the denial of his habeas

petition was a miscarriage of justice. (Id. at 7.) Marshall appealed. (Nov. 22, 2013, Not. of Appeal (Dkt. 41).) The Second Circuit declined to issue a certificate of appealability. (Apr. 8, 2014, Mandate (Dkt. 45).)

Undeterred, Marshall returned to the district court on April 14, 2014, and sought reconsideration of the court's November 4, 2013, decision. (Mot. for Recons. (Dkt. 46).) Marshall argued for reconsideration on the grounds that (1) the court improperly construed his Rule 60(b)(1) claim as a Rule 60(b)(6) claim (id. at 4-5) and (2) the court ignored his Rule 60(d)(1) claim (id. at 5-6). The court rejected Marshall's argument. (Nov. 17, 2014, Mem. & Order (Dkt. 51).) The court explained that it did not impermissibly recharacterize Marshall's Rule 60(b)(1) claim because, first, the Rule 60(b)(1) claim was considered and rejected, and second, consideration of Rule 60(b)(6) could only have benefited Marshall. (Id. at 4.) Next, the court noted that the November 4, 2013, decision had not ignored the Rule 60(d)(1) claim, but had instead considered and rejected it. (Id. at 5.) Marshall sought appellate review. (Dec. 9, 2014, Not. of Appeal (Dkt. 52).) This court denied a certificate of appealability (Mar. 4, 2015, Order (Dkt. 54)), as did the Second Circuit (May 6, 2015, Mandate (Dkt. 55)).

On June 22, 2015, Marshall filed another motion asking the court to reconsider its November 4, 2013, decision. (Mot. to Reconsider (Dkt. 56).) Marshall asserted that the court had made a mistake by construing his Rule 60(b)(1) claim as a Rule 60(b)(6) claim. (Id.) The court denied the motion. (June 23, 2015, Order (Dkt. 57).)

On August 5, 2015, Marshall filed yet another motion asking the court to use its "inherent powers" to reconsider its November 4, 2013, decision. (Aug. 5, 2015, Mot to Reconsider

3

(Dkt. 58).) Marshall filed substantially the same motion twice more. (Mots. to Reconsider (Dkts. 59, 60).)

## II. Discussion

"[C]ourts necessarily have the inherent equitable power over their own process to prevent abuses, oppression and injustices." Fayemi v. Hambrecht & Quist, Inc., 174 F.R.D. 319, 324 (S.D.N.Y. 1997) (internal citation and quotation marks omitted). Marshall argues that the court ought to exercise its inherent equitable powers in order to remedy the court's purported failure to consider his June 3, 2013, motion for reconsideration "under the procedural vehicle of his choice which was Fed. R. Civ. P. 60(d)(1)'s independent action." (Aug. 5, 2015, Mot to Reconsider at 3.) The court rejections this argument.

As previously explained in the November 17, 2014, Memorandum and Order, the court did, in fact, consider Marshall's claim under Rule 60(d)(1). (Nov. 17, 2014, Mem. & Order at 5.) Marshall has put forward no facts or law indicating that the November 4, 2013, decision improperly rejected the Rule 60(d)(1) claim. (Id.) Absent any such evidence, the court will not reconsider its decision.

Moreover, to the extent that Marshall again asserts that the court's decision to treat his Rule 60(b)(1) claim as a Rule 60(b)(6) claim was improper, the court again disagrees. As previously explained in the November 17, 2014, Memorandum and Order, the court did consider whether Marshall had a valid Rule 60(b)(1) claim but concluded that he did not. (Id. at 4.) In any event, consideration of a Rule 60(b)(6) claim could only have been to Marshall's benefit. (Id. at 4.)

## III. Conclusion

For the reasons stated above, the court concludes that Marshall's Motions are meritless. The Motions are DISMISSED WITH PREJUDICE. Finally, the court notes that any further "successive motions for reconsideration" may be an "abuse of the process of this Court" and could result in an order denying Marshall the ability to bring "any further motions for reconsideration." See Muina v. H.P.D., No. 91-CV-4154 (DNE), 1995 WL 521037, at *2 (S.D.N.Y. Sept. 1, 1995).

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
February 8, 2016

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge